SIGNED.

Dated: December 10, 2008

_____
**RANDOLPH J. HAINES**
**U.S. Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| MORTGAGES LTD., | ) ) | CASE NO. 2:08-bk-07465-RJH |
| Debtor. | ) ) ) | |
| PDG LOS ARCOS, LLC, an Arizona limited liability company, | ) ) ) | ADVERSARY NO. 2:08-ap-00781-RJH |
| Plaintiff, | ) ) | |
| v. | ) ) | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS COUNTS |
| ROBERT M. ADAMS, et al., | ) ) | III AND IV |
| Defendants. | ) ) | |

This is a breach of contract action alleging that certain "investors" in Mortgages Ltd. became contractually obligated to lend approximately $25 million to Plaintiff, PDG Los Arcos, LLC, and then breached that contract by failing to fund the entire balance. Some of the Investor Defendants have moved to dismiss Counts III and IV, which respectively allege *tortious* failure to fund and request punitive damages.

It is fundamental that breach of a simple contract is not a tort and does not give rise to a tort measure of damages.[1] Here, both parties agree that tort damages are appropriate only for breaches of contracts involving a "special relationship" such as insurance contracts or

---

[1] *See, e.g.*, Oliver Wendell Holmes, THE COMMON LAW, Lecture VIII (1881).

where there are "elements of public interest, adhesion, and fiduciary responsiblity."[2]

Nothing in the Complaint suggests the existence of any such special relationship. In response to the motion to dismiss, the only special relationship alleged by the Plaintiff is that once the loan funds were advanced, they were to be maintained in a construction loan account at Irwin Union Bank, which the Plaintiff argues was effectively a trust account. But there is no allegation the Defendants failed to maintain or otherwise misused funds in this construction loan account. Instead, to the contrary, the whole theory of the Complaint pertains only to moneys that were never advanced by the investor defendants and therefore never deposited into the construction loan account. This a simple breach of a contract to lend money, not a breach of fiduciary duty by a trustee.

The conclusory allegation of a "special-nature relationship,"[3] in the absence of allegations of "enough facts" to make the existence of such a relationship "plausible on its face," fails to satisfy the requirements of F.R.Civ.P. Rule 8(a), incorporated by Bankruptcy Rule 7008(a).[4] Because the Complaint does not allege facts sufficient to plausibly suggest any special relationship beyond that of lender and borrower, tort damages are not available. The motion to dismiss Counts III and IV is therefore granted.

DATED AND SIGNED ABOVE

Copy of the foregoing e-mailed
this 10th day of December, 2008, to:

Daryl M. Williams, Esq.
Craig M. LaChance, Esq.
Michael C. Blair, Esq.
Baird, Williams & Greer
Attorneys for Plaintiff
dwilliams@bwglaw.net
clachance@bwglaw.net
mblair@bwglaw.net

---

[2] *Burkons v. Ticor Title Ins. Co. of California*, 813 P.2d 710, 720 (Ariz. 1991), quoted in Plaintiff's Response to Motion to Dismiss, at 6.

[3] Complaint ¶ 10.

[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

2

| | |
|---|---|
| 1 | Mark Allen Nadeau, Esq.<br>DLA Piper LLP |
| 2 | Attorneys for Defendants<br>mark.nadeau@dlapiper.com |
| 3 | |
| 4 | Robert J. Odson, Esq.<br>DLP Piper LLP (US) |
| 5 | Attorneys for Defendants<br>robert.odson@dlapiper.com |
| 6 | Daxton R. Watson, Esq.<br>Mack Brucker & Watson PLLC |
| 7 | Attorneys for Defendants<br>dwatson@mackazlaw.com |
| 8 | |
| 9 | /s/ Pat Denk<br>Judicial Assistant |

SIGNED