**SIGNED.**

Dated: December 11, 2008



_____
**RANDOLPH J. HAINES**
**U.S. Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| MORTGAGES LTD., ) | CASE NO. 2:08-bk-07465-RJH |
| ) | |
| Debtor. ) | |
| ) | |
| PDG LOS ARCOS, LLC, an Arizona ) | |
| limited liability company, ) | ADVERSARY NO. 2:08-ap-00781-RJH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | OPINION AND ORDER |
| ) | DENYING MOTION TO REMAND |
| ROBERT M. ADAMS, et al., ) | |
| ) | |
| Defendants. ) | |

This is a breach of contract action alleging that certain "investors" in Mortgages Ltd., the debtor in possession in a chapter 11 case pending before this Court, assumed some of its obligation to fund a construction loan to the Plaintiff, and then failed to fully fund that loan. The case was originally filed in Maricopa County Superior Court but some of the defendants, including the five Mortgages Ltd. Opportunity Funds, timely removed it pursuant to the bankruptcy removal statute, 28 U.S.C. § 1452. Plaintiff has moved to remand on three alternative grounds: (1) the removal is procedurally defective because not all defendants have joined in it, as allegedly required by 28 U.S.C. § 1446; (2) bankruptcy jurisdiction is lacking because this case is not related to the Mortgages Ltd. bankruptcy case as required by 28 U.S.C. § 1334(b); and (3) this case is not a core proceeding as defined by 28 U.S.C. § 157.

**1. The Removal is Procedurally Proper**

Plaintiff's argument that the removal was procedurally improper relies on Ninth Circuit cases applying the general removal statute applicable to diversity and general federal question cases. Under the general removal statute, all properly served defendants must join in the removal or else the action is not removable.[1] But the bankruptcy removal statute, § 1452, is conspicuously different from the general removal statute because it permits "a party" to remove an action, rather than "a defendant or defendants." Because any party may remove based on bankruptcy jurisdiction, courts have generally concluded the unanimity requirement does not apply to bankruptcy removals.[2] This is consistent with Congress' intent "to grant comprehensive jurisdiction to bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate."[3]

Because this case was timely removed by one of the parties,[4] the removal is not procedurally improper under 28 U.S.C. § 1452.

**2. This Case is Highly Related to the Bankruptcy Case**

Plaintiff argues this case is not related to the Mortgages Ltd. bankruptcy case because its outcome will have no effect on the bankruptcy estate, relying on the *Pacor*[5] test adopted by the Ninth Circuit in *Fietz*.[6] Plaintiff argues there can be no effect on the bankruptcy

---

[1] *E.g., Abrego v. Dow Chemical Co.*, 443 F.3d 676, 680 (9th Cir. 2006); *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 763, n.4 (9th Cir. 2002); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232-33 (9th Cir. 1986).

[2] *California Public Employees' Retirement System v. WorldCom, Inc.*, 363 F.3d 86, 103 (2nd Cir. 2004); *Maitland v. Mitchell (In re Harris Pine Mills)*, 44 F.3d 1432, 1435 (9th Cir. 1995) (a case filed in state court that is related to a bankruptcy case may be "subsequently removed by *one* of the parties to federal district court") (dictum; emphasis added); *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Cir. 1985).

[3] *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995), quoted in *WorldCom*, supra.

[4] In their opposition to the motion to remand the defendants who removed this action contend that all served defendants did subsequently consent to the removal and thereby "cured" any such defect, but in light of the conclusion reached here the Court need not reach that issue.

[5] *Pacor Inc. v. Higgins*, 743 F.2d 984 (3rd Cir. 1984).

[6] *Fietz v Great Western Savings*, 852 F.2d 455, 457 (9th Cir. 1988).

2

estate because Mortgages Ltd. is not a party and because it allegedly assigned all of its interest in the loan to the investors (which defendants dispute).

The Ninth Circuit has adopted the *Pacor* test for determining the existence of "related to" bankruptcy jurisdiction:

> An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.[7]

Even if all the money lent was solely that of the investors, Mortgages Ltd. definitely has a substantial interest in this litigation that could have significant impacts on its bankruptcy case. This case (as currently pled) does not so much concern the money that was lent but rather the money that was not lent. The gravamen of the complaint is a failure to fully fund the loan. If the Plaintiff establishes investors' liability for that failure to fund, the investors will undoubtedly make claims for contribution and indemnity against Mortgages, Ltd., increasing the claims against the estate. Even though as a nonparty it may not be bound by res judicata or collateral estoppel, Mortgages Ltd. has a significant interest in the issue of whether there is any liability for a failure to fund, because that would impair the ability of Mortgages Ltd. to collect on the amounts that were lent, which definitely is an asset of the estate. And the investor defendants will probably file compulsory counterclaims against the Plaintiff for the amounts of their funds that were advanced and have not been repaid. Their recovery on those counterclaims will reduce the amount that Mortgages Ltd. can recover from the Plaintiff. A closer relationship to both the assets of the estate and the claims against the estate can hardly be imagined. These close relationships satisfy the *Pacor/Fietz* test.

For example, the Ninth Circuit has specifically held that "Under *Pacor*, federal jurisdiction exists pursuant to section 1334(b) when resolution of nondebtor litigation may directly affect the estate's obligation to creditors whose claims are currently before the

---

[7] *Id.*, quoting *Pacor*, 743 F.2d at 994.

1 bankruptcy court."[8] As noted above, the outcome of this nondebtor litigation may have a direct
2 effect on the investors' claims in the bankruptcy case currently pending before this court, either
3 by increasing or decreasing their amount.

4 But even if there were not that direct effect on creditors' claims, "related to"
5 jurisdiction would exist because of the identity of the factual and legal issues to be litigated.
6 This is because the *Pacor* test is merely a simplified shorthand gloss for finding the existence
7 of jurisdiction, but is not a determinative test for finding that jurisdiction does not exist. In
8 other words, while the Ninth Circuit has held that satisfaction of the *Pacor* test is sufficient to
9 find jurisdiction, it has never held that it is necessary, or that failure to satisfy the *Pacor* test
10 necessarily means that jurisdiction does not exist. And the Ninth Circuit at least twice has
11 found jurisdiction to exist when the *Pacor* test is not satisfied.

12 In *Pegasus Gold*,[9] the Ninth Circuit held that bankruptcy-related jurisdiction
13 could exist after confirmation of a Chapter 11 plan when "there is a close nexus to the
14 bankruptcy plan or proceeding." Although that opinion suggested this "close nexus" test was a
15 "more limited" application of the *Pacor* test, it was actually adopted in a circumstance where
16 the *Pacor* test of effect on a bankruptcy estate could not have been satisfied, because the estate
17 had ceased to exist upon confirmation pursuant to Code § 1141(b). To that extent the "close
18 nexus" test is *broader* than the *Pacor* test, and illustrates that jurisdiction can exist despite
19 there being no effect on a bankruptcy estate.

---

[8] *Kaonohi Ohana, Ltd. v. Sutherland (In re Kaonohi Ohana, Ltd.)*, 873 F.2d 1302, 1307 (9th Cir. 1989). *Accord, Edge Petroleum Operating Co. v. GPR Holdings, LLC,* 483 F.3d 292 (5th Cir. 2007)(a nondebtor defendant's likely claim for reimbursement from the bankruptcy estate is sufficient to confer "related to" jurisdiction); *Grant v. Arthur Anderson, LLP (In re Baptist Foundation of Arizona)*, 2000 WL 35575676, at *6 (D. Ariz. 2000)("Because the creditors, many of whom are Plaintiffs in the action at bar [like the investors' counterclaims against Plaintiff] and [debtor] BFA both seek recovery from the same third parties [such as Plaintiff], including Arthur Anderson, it is possible that the amount of the recovery obtained by the creditors who are Plaintiffs in this action could affect the amount of the recovery that [debtor] BFA could obtain, and in turn make available to the bankruptcy estate.").

[9] *State of Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1180, 1194 (9th Cir. 2005).

4

Similarly in *Kennedy*[10] the Ninth Circuit found jurisdiction for a bankruptcy court to enter a money judgment, as distinguished from mere allowance of a claim, on a debt determined to be nondischargeable. Since such a judgment could have no conceivable effect on the bankruptcy estate, the holding is another example of the existence of "related-to" bankruptcy jurisdiction even though the *Pacor* test could not be satisfied. There, the Ninth Circuit concluded jurisdiction was appropriate because "it is impossible to separate the determination of dischargeability function from the function of fixing the amount of the nondischargeable debt,"[11] just as it may be impossible here to separate the investors' liability for failure to fund from Mortgages Ltd's failure to fund that same loan.

The reason why *Pacor* is not the determinative rule for finding the lack of bankruptcy-related jurisdiction is because the determinative rule is the language of 28 U.S.C. § 1334(b). Some of that language had already been carefully construed and defined by the Supreme Court before either § 1334 or its predecessor § 1471 were adopted in 1984 and 1978, respectively. When the Ninth Circuit adopted the *Pacor* test, it made clear that it derived from constitutional requirements,[12] some of which are defined by the identical "related to" language. Because of that history, the historical and technical term "related to" should have the same meaning in 28 U.S.C. § 1334 as it has in 28 U.S.C. § 1367 defining supplemental jurisdiction.[13] As this Court has previously noted, that term has been defined by the Supreme Court to include matters that would logically be litigated as a single litigation unit because they involve claims that "derive from a common nucleus of operative fact."[14] And the intent of using that same

---

[10] *Cowen v. Kennedy (In re Kennedy)*, 108 F.3d 1015, 1017-18 (9th Cir. 1997).

[11] *Id.* at 1018.

[12] *See Fietz*, 852 F.2d at 456-457.

[13] *See Security Farms v. International Brotherhood of Teamsters*, 124 F.3d 999, 1008 n.5 (9th Cir. 1997).

[14] *Pierce v. Conseco Finance Servicing Corp. (In re Lockridge)*, 303 B.R. 449, 454 (Bankr. D. Ariz. 2003), citing *United Mine Workers of America v. Gibbs,* 383 U.S. 715 (1966). The *Lockridge* opinion has been misquoted by Plaintiff's motion to remand at 9.

5

term – already given a careful legal meaning by the Supreme Court – was to "to grant comprehensive jurisdiction to bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate."[15] There really can be no debate that a claim of investors' liability for failure to fully fund the construction loan made by Mortgages Ltd. is a single litigation unit, involving the common nucleus of operative fact, as the claim of Mortgages Ltd. to recover the funds it actually lent, a claim that indisputably property of the estate.[16]

The Court finds and concludes that the claims asserted in this litigation, as well as the counterclaims and third party claims that may be asserted, are highly related if not integral to the Mortgages Ltd. bankruptcy case, so removal was proper on that ground.

**3. The Core Nature of the Proceeding Has no Bearing on Removal or Remand**

Finally, Plaintiff argues this case is not a core proceeding. But the issue of whether it is a core proceeding or not has no bearing on the propriety of the removal.

Removal hinges on the existence of bankruptcy jurisdiction, and the plaintiff's motion to remand hinges only on an argument that bankruptcy jurisdiction is allegedly lacking (it does not, for example, request remand on equitable grounds pursuant to 28 U.S.C. § 1452(b)). But determination of the core nature of this proceeding has nothing to do with bankruptcy jurisdiction. To the contrary, determination of the core nature becomes appropriate only *after* existence of bankruptcy jurisdiction has been determined. Once bankruptcy jurisdiction has been determined to exist, the further determination of whether it is a core proceeding is used only for the purpose of determining whether that bankruptcy jurisdiction should be exercised by the Bankruptcy Court or by the District Court.

If a party moves for determination of whether this is a core proceeding pursuant

---

[15] *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995), quoted in *WorldCom*, *supra*.

[16] The Court is contemporaneously granting the debtor's motion to consolidate this adversary proceeding with the debtor's own adversary proceeding seeking to recover from Plaintiff the funds actually lent, but "related to" jurisdiction would exist regardless of whether the adversary proceedings are jointly administered.

1    to 28 U.S.C. § 157(b)(3), or if a party moves in the District Court for withdrawal of the
2    reference, then this Court will determine whether this is a core proceeding.  No such motion
3    has yet been made, however.  In the meantime, the core nature of this case has no bearing on
4    the propriety of the removal.[17]
5             For the foregoing reasons, the motion to remand is denied.  The hearing set for
6    December 18, 2008, at 1:30 p.m. on the Motion to Remand is vacated.
7             DATED AND SIGNED ABOVE

Copy of the foregoing e-mailed
this 11th day of December, 2008, to:

Daryl M. Williams, Esq.
Craig M. LaChance, Esq.
Michael C. Blair, Esq.
Baird, Williams & Greer
Attorneys for Plaintiff
dwilliams@bwglaw.net
clachance@bwglaw.net
mblair@bwglaw.net

Mark Allen Nadeau, Esq.
DLA Piper LLP
Attorneys for Defendants
mark.nadeau@dlapiper.com

Robert J. Odson, Esq.
DLP Piper LLP (US)
Attorneys for Defendants
robert.odson@dlapiper.com

Daxton R. Watson, Esq.
Mack Brucker & Watson PLLC
Attorneys for Defendants
dwatson@mackazlaw.com

 /s/ Pat Denk
Judicial Assistant

---

[17] In their opposition to the motion to remand the removing defendants argue that Plaintiff has waived the ability to dispute the core nature of this proceeding by failing to file the statement required by Bankruptcy Rule 9027(e)(3) within 10 days of the removal.  They also argue that failure to dispute the core nature waives the ability to seek remand, citing *Agent Systems, Inc. V. Capital Metro. Transport. Auth.,* 289 B.R. 828, 835 (Bankr. N.D. Tex. 2002).  In light of the conclusion reached here, the Court need not consider those arguments at this time, and this opinion is not intended to hold that Plaintiff's objection to the core nature of this case would be either timely or untimely if later asserted in another context.